

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DISTRICT CAUSE NO. 2:08-CR-13 |
| JACK EARL ROBINSON | § | CIRCUIT CAUSE NO. 08-10782 |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

### Memorandum Order

This case comes before the Court on remand from the United States Court of Appeals for the Fifth Circuit. Defendant Jack Earl Robinson originally filed a *Motion in Trial Court for Release Pending Appeal* in this Court. This Court denied the motion, finding that Defendant's motion failed to raise substantial constitutional claims, one of the requirements for release pending appeal. The Fifth Circuit remanded this case for the limited purpose of obtaining written reasons for the denial of Defendant's Motion for release pending appeal other than the conclusion that Defendant failed to raise a substantial constitutional claim.

On February 19, 2008, Defendant was charged in a two-count indictment with receipt of child pornography and aiding and abetting, in violation of 18 U.S.C. § 2252A(a)(2)(A) and 2, and with possession of child pornography and aiding and abetting, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2. On April 25, 2008, this indictment was superseded by an information charging him with one count of Misprision of Felony (Distribution of Child Pornography), in violation of 18 U.S.C. § 4. Defendant pled guilty pursuant to a plea agreement on April 29, 2008. Defendant was sentenced to 24 months' imprisonment and one year of supervised release.

A defendant does not have a constitutional right to bail after being convicted and sentenced for an offense. *United States v. Williams*, 822 F.2d 512, 517 (5th Cir.1987). Moreover, 18 U.S.C. § 3143(b) establishes a presumption against granting a defendant bail after conviction and sentencing. The Fifth Circuit has adopted the following four factors that a convicted defendant must establish to obtain release on bail pending appeal: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985), *see also United States v. Dison*, 2008 WL 924941 (W.D. La. 2008). Defendant must prove all four factors by clear and convincing evidence. *Williams*, 822 F.2d at 517.

The first factor in determining if a defendant is eligible for release on appeal is whether Defendant is likely to flee or pose a danger to the safety of any other person or the community if released. The Defendant has not proved by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community. According to the factual resume, Defendant began purchasing child pornography on June 5, 2006 and was viewing the pornography up until his arrest on February 27, 2007. Defendant admitted to police officers that he was viewing child pornography on a regular basis. "The existence of and traffic in child pornography creates the potential for many types of harm in the community" and "presents a clear and present danger to all children." *United States v. White*, 506 F.3d 635, 649 (8th Cir.

2007). This Court concludes that Defendant's history of continuous possession of child pornography use indicates he may present a continued danger to the community.

Signed this 7th day of October, 2008.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**